**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAPE MAGUETTE DIOP,<br><br>Petitioner,<br><br>v.<br><br>LEONARD ODDO; *et al.*,<br><br>Respondents. | ) | 3:26-CV-2014 |

**<u>ORDER</u>**

Petitioner Pape Maguette Diop, a citizen of Senegal, brings his second habeas corpus petition (ECF 3) before this Court seeking immediate release or, in the alternative, an individualized bond hearing. ECF 3, at 7. In April 2026, this Court denied Mr. Diop's first petition, finding that he was properly detained under 8 U.S.C. § 1226(c) and that his detention was not unreasonable.[1] ECF 7, *Diop v. Warden Moshannon Valley Processing Ctr.*, 3:26-cv-257 (W.D. Pa. Apr. 20, 2026) (Ranjan, J.). Mr. Diop has now spent 11 months in immigration custody; for six of those months, he has held withholding of removal status under Section 241(b)(3) of the Immigration and Nationality Act. ECF 5, at 2; ECF 5-3, at 2; 8 U.S.C. § 1231(b)(3).

When a noncitizen's detention under Section 1226(c) becomes unreasonable, Third Circuit precedent requires that the noncitizen be granted a bond hearing where the government must justify continued detention with clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020).

---

[1] Section 1226(c) requires the government to detain certain noncitizens pending their removal proceedings, including those who are charged with shoplifting, like Mr. Diop. 8 U.S.C. § 1226(c)(1)(E).

Whether a detention has become unreasonable depends in large part on the length of the detention, viewed in the context of all relevant circumstances. *Id.* at 211.

Having considered the length of Mr. Diop's 11-month detention, as well as the high likelihood that detention will continue given the IJ's grant of withholding from removal and the government's pending appeal of that decision, the Court concludes that his detention has become unreasonable. The Court will therefore conditionally grant Mr. Diop's petition for habeas corpus and order Respondents to provide him with a bond hearing at which the government must show Mr. Diop's continued detention is justified by clear and convincing evidence.

**I. The *German Santos* factors.**

In a *German Santos* analysis, courts assess whether a detention has become unreasonable using four principal factors: (1) "the duration of detention"; (2) "whether the detention is likely to continue"; (3) the reasons for any delay, "such as a detainee's request for continuances"; and (4) whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Id.* at 210–11.

The first factor, duration of the detention, is the "most important" one. *Id.* at 211. While there is no "bright-line threshold" for when a detention becomes unreasonably long, continued detention becomes "more and more suspect after five months." *Id.* (citation modified). In one case, the Third Circuit determined that detention became unreasonable at some point between six months and one year. *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015). So while there is no hard-and-fast rule, the longer a detention becomes after six months, the stronger this factor will weigh in a 1226(c) detainee's favor.

The second factor asks whether "removal proceedings are likely to end soon." *Id.* In *German Santos*, the Third Circuit found this factor "strongly" supported a finding of unreasonableness where the petitioner's appeal was pending before the BIA. 965 F.3d at 212 (noting that it "could take months" for the BIA to decide the

petitioner's appeal, and that any subsequent appeal to the Third Circuit "would add months more").

The third factor looks to the reason for delay. While a detainee's request for continuances will cut against unreasonableness, delay caused by his pending appeal will not. *Id.* at 211 ("[W]e do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings."). Likewise, good-faith legal errors will not be held against the government; but detention "can still grow unreasonable even if the Government handles the removal proceedings reasonably." *Id.*

Finally, the fourth factor asks whether the noncitizen's civil detention is "meaningfully different" from criminal punishment. *Id.* (citation modified). If the detention "looks penal," then the detention is more likely to be unreasonable. *Id.* In both *German Santos* and *Chavez-Alvarez*, the Court found this factor to weigh strongly in favor of unreasonableness where the detainees were housed alongside those serving criminal sentences. 965 F.3d at 212–13; 783 F.3d at 478.

## II. Applying the *German Santos* test to Mr. Diop.

The first factor cuts in Mr. Diop's favor. His 11-month detention has dragged on long enough for this factor to cut toward unreasonableness. Courts in this District have found detentions of similar lengths to be unreasonable. *See, e.g.*, *Van v. Oddo*, No. 3:25-cv-322, 2025 WL 3492736, at *6 (W.D. Pa. Dec. 5, 2025) (Haines, J.) (15 months); *C.B. v. Oddo*, No. 3:25-cv-263, 2025 WL 2977870, at *6 (W.D. Pa. Oct. 22, 2025) (Brown, M.J.) (10 months).

The second factor weighs strongly in Mr. Diop's favor. On April 7, 2026, an immigration judge granted Mr. Diop withholding from removal. ECF 5-3, at 1; s*ee* 8 U.S.C. 1231(b)(3). The government's appeal of that decision has been pending for almost six months. ECF 5-4. There is no indication that the appeal is likely to be decided soon. And given his withholding from removal and the possibility of a

subsequent appeal to the Third Circuit, Mr. Diop's removal proceedings are likely to last much longer, no matter which way the BIA decides his appeal.

The third and fourth factors are neutral here. There is no reason on the record to hold the delay against either Mr. Diop or Respondents. And unlike the petitioners in *German Santos* and *Chavez-Alvarez*, Mr. Diop is not housed with those serving criminal sentences, nor does he allege specific conditions of confinement that would make his civil confinement "look penal." *German Santos*, 965 F.3d at 211 (citation modified).

Taken together, the *German Santos* factors indicate that Mr. Diop's detention has become unreasonable. His detention has lasted 11 months, and "there is no end in sight." *Id.* at 213. He is therefore entitled to an individualized determination of whether continued detention is necessary to mitigate flight risk or danger to the community. At that bond hearing, the government must bear the burden of proving by clear and convincing evidence that continued detention is necessary. *Id.*

## III. Conclusion.

For the foregoing reasons, Mr. Diop's petition will be granted, subject to the conditions contained in an Order to follow.

DATED this 4th day of November, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Pape Maguette Diop
A220722677
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866